UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FELIX GARCIA MEJIA,

                Plaintiff,

    -against-

THE BAHCHE INC. (D/B/A BISON &
BOURBON),

                Defendant.  .
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-cv-7483 (CBA) (JAM)

**AMON, United States District Judge:**

On December 3, 2025, Plaintiff filed a second motion for default judgment against the Defendant in this action. (ECF Docket Entry ("D.E.") # 30.) The Defendant has not answered the complaint and has failed to otherwise appear in this action, despite having been properly served, and despite entry against it of a certificate of default by the Clerk of Court. (D.E. # 21.) On December 3, 2025, I referred the motion to the Honorable Joseph A. Marutollo. (See Text Order Dated Dec. 3, 2025). Now before me is Magistrate Judge Marutollo's exceedingly thorough and well-reasoned Report and Recommendation (R&R) recommending that I grant in part and deny in part Plaintiff's motion. (D.E. # 39 ("R&R").) No party has objected to the R&R, and the time for doing so has now passed.

## BACKGROUND

Magistrate Judge Marutollo's R&R sets out the facts of this case in detail. To the extent it is relevant for the purposes of this order, Plaintiff's complaint alleges that he was unlawfully terminated from his job at Defendant's restaurant due to his disability. (R&R at 5-8.) Plaintiff had injured his back, but when he attempted to return to his job, he was told that he was terminated because the Defendant did not "want to see Plaintiff become hurt further." (Id. at 7-8.)

1

Plaintiff timely filed a Charge of Discrimination with the EEOC and was issued a Notice of Right to Sue. (Id. at 8.)  On October 25, 2024, Plaintiff filed his complaint asserting claims of disability discrimination and retaliation under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL").  (D.E. # 1 ("Compl.").)  The complaint also sought punitive damages. (Id. ¶ 49.)  The Clerk of Court entered default against the Defendant on February 26, 2025.  (D.E. # 21.)  Plaintiff filed his first motion for default judgment on May 6, 2025.  (D.E. # 22.)  Following the inquest hearing before Magistrate Judge Marutollo on November 6, 2025, Plaintiff filed his second motion for default judgment on December 3, 2025.  (Minute Entry Dated Nov. 6, 2025; D.E. # 30.)

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I find no clear error in Magistrate Judge Marutollo's R&R, to which no party has objected.  As Magistrate Judge Marutollo noted, Plaintiff met the requirements to move for default judgment under Federal Rule of Civil Procedure 55.  (R&R at 23-28 (discussing the requirements of Fed. R. Civ. P. 55).)

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted).  A magistrate judge must determine from the allegations of a well-pleaded

complaint "whether [those] allegations establish [defendant's] liability as a matter of law," Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). Magistrate Judge Marutollo's thorough R&R found Plaintiff's allegations met the standard to establish liability for a disparate treatment claim under the ADA, disability discrimination under the NYSHRL and NYCHRL, and retaliation under the ADA and NYCHRL, but not for retaliation under the NYSHRL. (R&R at 29-47.) I find no clear error in Magistrate Judge Marutollo's determination of liability.

As default is only deemed to be a concession of liability and not damages, the court must satisfy itself that Plaintiff has proved damages with reasonable certainty. Balhetchet v. Su Caso Mktg. Inc., No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (citation omitted). "Damages [in deciding a motion for default judgment] are proven through an evidentiary hearing, or through affidavits and other documentary submissions that provide a factual basis for determining the amount of damages to be awarded." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 155 (E.D.N.Y. 2010). Magistrate Judge Marutollo analyzed Plaintiff's submissions and testimony which documented his previous salary and period of unemployment in order to calculate the backpay to which he was entitled. (R&R at 48.) Magistrate Judge Marutollo also calculated an appropriate amount of emotional distress damages that Plaintiff is entitled to. (Id. at 51.) Magistrate Judge Marutollo correctly determined that punitive damages are inappropriate in this case. (Id. at 53.) On the issue of interest, Magistrate Judge Marutollo correctly found that pre-judgment interest should be awarded on the backpay, and post-judgment interest should be awarded on the full judgment. (Id. at 54-57.) As Judge Marutollo indicated, pre-judgment interest should be calculated from November 17, 2023 (the midpoint between Plaintiff's termination date and the date on which Plaintiff found new employment) until the date the Clerk of Court enters judgment in this matter, and post-judgment interest should be

3

calculated from the date the Clerk of Court enters judgment in this matter until the date of payment. (Id.) Judge Marutollo properly determined that attorneys' fees and costs should be awarded to Plaintiff. (Id. at 57-61.) I find no clear error in any of Magistrate Judge Marutollo's determinations or calculations.

## CONCLUSION

For the foregoing reasons, I adopt Magistrate Judge Marutollo's Report and Recommendation in full. Plaintiff's motion for default judgment is GRANTED in part and DENIED in part. The Clerk of Court is directed to calculate pre- and post-judgment interest and enter judgment in accordance with the findings on pages 61 and 62 of the R&R.

So Ordered.

Dated: July 3/, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge

4